UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHELLE M. RAMIREZ,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:19-cv-00978-NJK

**ORDER**

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 19. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 24-25. No reply was filed. The parties consented to resolution of this matter by the undersigned magistrate judge. Docket Nos. 26-27.

**I.    STANDARDS**

    A.    <u>Disability Evaluation Process</u>

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses

whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

**II. BACKGROUND**

A. Procedural History

On September 15, 2015, Plaintiff filed an application for disability insurance benefits with an alleged onset date of May 31, 2013. *See, e.g.*, Administrative Record ("A.R.") 324-27. It

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

2

appears Plaintiff also filed an application for supplemental security income, *see* A.R. 15, but that application was not included within the administrative record. On May 13, 2016, Plaintiff's claims were denied initially. A.R. 193-98. On October 20, 2016, Plaintiff's claims were denied on reconsideration. A.R. 201-06. On December 15, 2016, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 207-08. On June 21, 2018, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ David Gatto. *See* A.R. 39-66.[2] On January 7, 2019, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 12-38. On April 11, 2019, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On June 7, 2019, Plaintiff commenced this action for judicial review. Docket No. 1.

B.    The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. A.R. 16-32. At step one, the ALJ found that Plaintiff met the insured status requirements through March 31, 2015, and has not engaged in substantial gainful activity since the alleged onset date. A.R. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, degenerative joint disease of the lumbosacral junction, bilateral lower extremity peripheral neuropathy, mild degenerative joint disease of the left foot, major depressive disorder, bipolar disorder, generalized anxiety disorder, and personality disorder with borderline personality traits. A.R. 18-20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 20-22. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) with additional limitations. Specifically, she is able to lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8 hour workday; sit 6 hours in an 8 hour

---

[2] An earlier hearing had been held by ALJ Gary Vanderhoof. A.R. 67-113.

3

> workday; occasionally stoop, kneel, crouch, crawl, reach overhead (bilaterally), and climb ramps and stairs; frequently balance; and never climb ladders, ropes, and scaffolds due to obesity. The claimant is to avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. She is limited to occasional exposure to temperature extremes of hot and cold. As a result of her mental impairments, the claimant is limited to understanding, remembering, and carrying out simple instructions, using judgment to make simple work-related decisions, in a work setting with no more than occasional changes in routine, to perform simple work tasks. The claimant is further limited to only brief and superficial interactions with the public.

A.R. 22-30. At step four, the ALJ found Plaintiff not capable of performing past relevant work. A.R. 30. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 30-31. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time of the alleged disability onset date, who subsequently changed to closely approaching advanced age, with a high school education and ability to communicate in English. A.R. 30. The ALJ found the transferability of job skills to be immaterial. A.R. 30. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a locker room attendant, mail clerk, and industrial assembler. A.R. 30-31.

Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 31-32.

## III. ANALYSIS

Plaintiff raises a single issue on appeal. Plaintiff argues that the ALJ erred in the evaluation of the medical opinion evidence. In particular, Plaintiff argues that the ALJ erred in giving only partial weight to the opinion of consultative examiners. *See* Mot. at 5-13. The Commissioner argues that the ALJ did not err in giving more weight to state agency mental health professionals. *See* Resp. at 3-5. The Commissioner has the better argument.

Greater weight is generally accorded to the opinion of an examining physician than to a non-examining physician. *Andrews v. Shalala*, 53 F.3d 1035, 1040 (9th Cir. 1995). An ALJ may reject an examining doctor's contradicted opinion by providing specific and legitimate reasons for

4

doing so based on substantial evidence in the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a non-examining physician, standing alone, is insufficient to discount the opinion of an examining physician. *See, e.g.*, *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990).

In this case, Dr. Sunshine Collins and Dr. Gary Lenkeit jointly opined as consultative examiners that Plaintiff, *inter alia*, could understand, remember, and carry out one- to two-step instructions with repetition of instructions and a minimal number of errors, and also that Plaintiff would be unlikely to interact appropriately on a consistent basis with supervisors, coworkers, or the public. A.R. 629. The ALJ discussed these findings. A.R. 29. The ALJ gave the Collins-Lenkeit opinion partial weight and gave more weight to the opinions of the state agency mental health professionals. *See id.* In particular, the ALJ did not adopt the one- to two-step instructions limitation and, instead, limited Plaintiff to carrying out "simple instructions" related to "simple work tasks." *See* A.R. 22.[3] While the ALJ adopted a limitation to only brief and superficial interactions with the public, the ALJ did not otherwise adopt the interaction limitations in the Collins-Lenkeit opinion. *See* A.R. 22.

The ALJ provided two reasons for discounting the Collins-Lenkeit opinion. First, the ALJ indicated that the state agency opinions were "more consistent with the overall medical evidence of record." A.R. 29. Such a generalized statement, standing alone, is unlikely to carry the day in discounting an examiner's psychological opinion. *Cf. Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim").

The ALJ's second proffered reason stands on more solid ground. The ALJ concluded that the more limiting findings in the Collins-Lenkeit opinion were inconsistent with Plaintiff's ability

---

[3] Adopting an RFC with a limitation to simple tasks constitutes a rejection of an opined limitation to one- to two-step instructions. *See, e.g.*, *Striet v. Berryhill*, 2019 WL 386227, at *8 (D. Nev. Jan. 11, 2019), *adopted*, 2019 WL 383996 (D. Nev. Jan. 30, 2019).

to manage her symptoms through medication management. A.R. 29. Although Plaintiff offers an alternative interpretation of the record, *see* Mot. at 11-12, substantial evidence supports the ALJ's finding, *see, e.g.*, A.R. 772. Indeed, the limitations identified in the Collins-Lenkeit opinion are subject to the express caveat that treatment would likely improve Plaintiff's functioning:

> Patient prognosis is **fair** with treatment for her mental health symptoms. Her presentation indicates average intellectual capacity with performance that is being artificially diminished by chronic symptoms of depression, including pain and anxiety. . . . [Treatment is strongly advised.] Patient has a significant history of successful employment several years ago. With management of her mental health symptoms, her functioning can improve. Mental health symptoms related to mood and personality disorder traits can be chronic and require maintenance treatment. As such, patient can be anticipated to have a reduction of symptoms with treatment but could potentially have persistent symptoms that require ongoing treatment.

*See* A.R. 630 (emphasis in original); *see also* Mot. at 7 (recognizing this aspect of the Collins-Lenkeit opinion). In short, the ALJ did not err in finding that Plaintiff's limitations can be lessened through appropriate treatment. Moreover, that is an appropriate factor on which an ALJ can discount a medical opinion. *See, e.g.*, *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits").

Accordingly, the ALJ did not err in giving only partial weight to the Collins-Lenkeit opinion and giving more weight to the opinions of the state agency reviewing doctors.

## IV. CONCLUSION

Based on the forgoing, the Court **DENIES** the motion for reversal or remand (Docket No. 19) and **GRANTS** the countermotion to affirm (Docket No. 24). The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: April 14, 2020

_____
Nancy J. Koppe
United States Magistrate Judge